Greenbaum, J.
The plaintiff sues to recover the sum of $2,000 upon a check signed “ Russian Liquor Co., A. Gruber.” The check was given to plaintiff as a deposit upon a contract which he made with the defendant’s husband in her name for the purchase of certain real estate for the consideration of $60,000. As soon as the defendant learned of the making of the contract she stopped payment of the check. The evidence is that defendant’s husband was empowered to .manage the wine and liquor business which she con *236 ducted under the name and style of the “ Russian Liquor Company.” In that connection defendant lodged with the hank upon which the check in question was drawn a power of attorney, which conferred upon her husband the authority “ to draw, accept, make, indorse, negotiate and dispose of all or any bills of exchange, promissory notes, checks and orders for the payment of money.” There is no suggestion in the power of authority to purchase any property in behalf of the principal. The attorney’s power to manage defendant’s liquor business was oral. There is no proof that he had ever been authorized to purchase any real estate on her behalf. When defendant accepted the check, he knew nothing of the power of attorney deposited in the bank. He may, perhaps, have been warranted in inferring that the defendant’s husband had power to draw the check from the circumstance that he signed it. Whether he knew that the name “A. Gruber ” meant defendant was not disclosed. He was, however, put upon his guard from the signature to the check that the account against which it was drawn related to the “ Russian Liquor Company,” a liquor concern which was not likely to be engaged in the purchase of real estate unrelated to its business. It is evident that in accepting the check the plaintiff could not have relied upon the fact that because defendant’s husband signed it, power had been conferred upon him to execute a contract in her behalf to purchase real estate. Unless the power of attorney actually vested such power in him the defendant is not liable for his act. Lesem v. Mutual Fire Ins. Co., 164 App. Div. 507, 509. The power of attorney was executed for the sole protection of the bank in which defendant had an account, and for no other purpose. There is no expression in the instrument which conferred the power to buy property. It follows that *237 the check was given without consideration, and that it is not binding upon the defendant. The case of Keyes v. Metropolitan Trust Co., 220 N. Y. 237, relied upon by plaintiff, is inapplicable to the facts in the present case. The court in its opinion stated at page 240 that the language of the power of attorney under review, in conferring upon the attorney “ the entire management of his estate * * * necessarily implied the power to invest the proceeds.” There must be judgment for the defendant.
Judgment for defendant.